Filed 1/22/26  P. v. Perez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARTHUR PEREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B337711<br>(Super. Ct. No. VA087429)<br>(Los Angeles County) |

Appellant Arthur Perez appeals a post-judgment order denying his Penal Code section 1172.6 petition to vacate his 2006 jury conviction of the attempted murder of Yvonne P.[1]  The petition was denied at the prima facie stage of the proceedings.  We affirm because, as a matter of law, appellant failed to make a prima facie showing of eligibility for relief.  The jury instructions conclusively establish that appellant was convicted on the theory that he was the direct perpetrator of the attempted murder.

---

[1] All statutory references are to the Penal Code.

*Facts*

We set forth the relevant facts as summarized by appellant in his opening brief.  Appellant states: "The following statement of facts has been taken from the factual discussion . . . in this Court's decision on direct appeal in [*People v. Perez* (July 21, 2008)] Case No. B200269 [2008 WL 2791667, at *1-*2]. Appellant does not concede the accuracy of that factual discussion."[2]

"[S]omeone knocked on the door of a house in Whittier. Brian [H.] answered it.  Appellant was standing outside on the porch with another man . . . .  Appellant identified himself as Snappy from Los Nietos, a rival gang.  Appellant and Brian argued and started to scuffle.  Appellant pulled out a gun and shot Brian in the hip.[3]  Brian fell to the ground and shoved the door closed.  Appellant continued to shoot, firing five or six shots into the house."

"Yvonne [P.] testified that she heard Brian at the front door, arguing with someone about selling drugs.  She heard gunshots and saw Brian fall to the ground.  She further testified that she ran to the door and kicked it shut.  Appellant stepped off

---

[2] "A number of Courts of Appeal have held . . . that . . . 'the Legislature intended to *prohibit* consideration of "the factual summar[y]"' in an appellate opinion.  [Citation.] . . . This constraint applies both at the prima facie determination stage under section 1172.6, subdivision (c), and the evidentiary hearing stage under section 1172.6, subdivision (d)." (*People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1238.)

[3] Appellant was convicted of the willful, deliberate, and premeditated attempted murder of Brian H.  He does not seek to vacate this conviction under section 1172.6.

the porch, and Yvonne ran through the middle of the living room. Appellant fired into the living room as she ran, and one of the bullets nicked her leg."

*Allegations Found True or Not True by the Jury*

As to the attempted murder of Yvonne P., the jury found true an allegation that appellant had "personally and intentionally discharged a firearm, to wit: a handgun, within the meaning of Penal Code section 12022.53(c)." It found not true an "allegation that the attempted murder was committed willfully, deliberately and with premeditation."

*Section 1172.6*

Section 1172.6 provides in relevant part, "A person convicted of . . . murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, [or] *attempted murder under the natural and probable consequences doctrine*, . . . may file a petition . . . to have the petitioner's murder [or] attempted murder . . . conviction vacated and to be resentenced on any remaining counts" when certain conditions apply. (Italics added.)

*Natural and Probable Consequences Doctrine*

"[U]nder the natural and probable consequences doctrine, an accomplice is guilty not only of the offense he or she directly aided or abetted (i.e., the target offense), but also of any other offense committed by the direct perpetrator that was the 'natural and probable consequence' of the crime the accomplice aided and abetted (i.e., the nontarget offense)." (*People v. Gentile* (2020) 10 Cal.5th 830, 843, superseded on other grounds as stated in *People v. Hola* (2022) 77 Cal.App.5th 362, 369-370.)

*Prima Facie Showing Requirement and Standard of Review*

"Petitioners seeking relief under section 1172.6 must, first, file a facially valid petition that states the statutory requirements for relief [citation], and second, make a 'prima facie showing' [of eligibility for relief] [citation], before a court must issue an order to show cause and hold an evidentiary hearing on the ultimate question of resentencing . . . ." (*People v. Patton* (2025) 17 Cal.5th 549, 556.) "The trial court's denial of a resentencing petition at the prima facie stage "'is a purely legal conclusion,'" which appellate courts review de novo." (*People v. Muhammad* (2024) 107 Cal.App.5th 268, 276 (*Muhammad*).)

*Appellant Failed to Make the*
*Required Prima Facie Showing*

Section 1172.6 permits a person convicted of attempted murder to petition for relief only if the person was convicted of "attempted murder under the natural and probable consequences doctrine." (*Id.*, subd. (a); see *People v. Coley* (2022) 77 Cal.App.5th 539, 548 [Section 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine"].) Appellant concedes that at his trial "[t]here was no natural and probable consequences jury instruction."

"[T]he jury instructions . . . demonstrate, on their face and as a matter of law, that [appellant] was not and could not have been convicted of [attempted] murder under the natural and probable consequences doctrine. This is so because the jurors were not provided any instruction on which they could have found [appellant] guilty of [attempted] murder under that doctrine." (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.)

4

Appellant argues, "The jury could have convicted him based on a flawed kill zone theory that permitted the imputation of malice . . . , which was the functional equivalent of the natural and probable consequences doctrine." Based on the firing of multiple shots into the house, the trial court gave CALJIC No. 8.66.1 expounding a "kill zone" theory of attempted murder. The instruction provided: "A person who primarily intends to kill one person [here, Brian H.], may also concurrently intend to kill other persons [here, Yvonne P.,] within a particular zone of risk. [This zone of risk is termed the 'kill zone.'] The intent is concurrent when the nature and scope of the attack, while directed at a primary victim, are such that it is reasonable to infer the *perpetrator* intended to kill the primary victim by killing everyone in that victim's vicinity. [¶] Whether a *perpetrator* actually intended to kill the victim, either as a primary target or as someone within a ['kill zone'] or [zone of risk] is an issue to be decided by you." (Italics added.)

The "kill zone" instruction does not support appellant's claim that he could have been convicted of attempted murder based on "the functional equivalent of the natural and probable consequences doctrine." The instruction refers only to the "perpetrator" of the attack. Moreover, "[j]ury instructions must be considered in their entirety, and not in isolation." (*People v. Snyder* (2003) 112 Cal.App.4th 1200, 1228.) In their entirety, the jury instructions establish that appellant was convicted based on the theory that he was the direct perpetrator of the attempted murder of Yvonne P., not merely an aider and abettor.

The trial court did not instruct the jury on aiding and abetting. In his reply brief appellant concedes, "[I]t is clear that he was not convicted as an aider and abettor." But "the natural

5

and probable consequences doctrine applie[s] only to impose liability on an accomplice, on an aiding and abetting theory." (*Muhammad, supra,* 107 Cal.App.5th at p. 277.)  That appellant was the direct perpetrator is supported by the true finding on the allegation that he had "personally and intentionally discharged a firearm . . . within the meaning of Penal Code section 12022.53(c)."

*Disposition*

The order denying appellant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.


We concur:


BALTODANO, J.


CODY, J.

6

Laronda McCoy, Judge

Superior Court County of Los Angeles

_____


Teresa Biagini, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, Theresa A. Patterson, Deputy Attorney General, for Plaintiff and Respondent.